**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Eugene Mervin SIDES, Defendant–Appellant.**

**No. 90–5085.**

United States Court of Appeals, Tenth Circuit.

Sept. 24, 1991.

Susan W. Pennington (Tony M. Graham, U.S. Atty., with her on the brief), Asst. U.S. Atty., Tulsa, Okl., for plaintiff-appellee.

Edward Y. Crandall, Oklahoma City, Okl., for defendant-appellant.

Before BALDOCK and BRORBY, Circuit Judges, and FINESILVER,* Chief District Judge.

BRORBY, Circuit Judge.

Defendant–Appellant Eugene Mervin Sides ("Sides" or "Appellant") appeals his conviction on two counts of first degree murder. Appellant was convicted after a jury trial and sentenced to two concurrent life sentences by the United States District Court for the Northern District of Oklahoma.

Sides was convicted of murdering Buck and Maude Cheshewalla, an elderly Osage Indian couple, on allotted Indian land, under a federal indictment charging violation of 18 U.S.C. §§ 1111, 2, and 1153. The victims were killed in their home during the course of an armed robbery perpetrated by Sides and Billy Gene Harris.[1] Sides testified in his own defense and admitted active participation in the armed robbery.

Sides described his participation in the robbery to the arresting officer and later, to the jury. Sides testified that he and Harris each had a handgun, and that each wore yellow surgical gloves. Sides admitted to robbing Buck Cheshewalla at gunpoint. Sides admitted that he bound Cheshewalla's hands behind his back with duct tape. He explained how he led Cheshewalla inside the house, and blindfolded the man and his wife with clothes and duct tape. Sides also admitted to cutting the wires on the Cheshewallas' telephone.

However, Sides claimed he was outside the house, loading stolen property into a truck when Harris killed the Cheshewallas. Sides testified that he was loading the truck when he heard a single gunshot. He said he then went back into the house and found Harris standing over Buck Cheshewalla. Sides said he continued collecting loot, went back outside to the truck, and

---

* The Honorable Sherman G. Finesilver, Chief Judge, United States District Court for the District of Colorado, sitting by designation.

1. Mr. Harris was tried separately and convicted on two counts of first degree murder in the deaths of the Cheshewallas.

then heard two more shots. Sides testified he heard a fourth shot as he returned to the house. He testified that he did not shoot anybody.

Two different handguns were used to kill the Cheshewallas. Maude Cheshewalla was killed by two .22 caliber gunshot wounds to the head. Buck Cheshewalla was killed by two gunshot wounds to the head; one from a .22 caliber bullet, the second probably from a .38 caliber bullet. Sides testified that Harris had probably used different guns because one of the guns could be traced back to Harris.

The jury found Sides guilty of two counts of first degree murder. The jury indicated, in response to a Special Interrogatory, that it found Sides guilty of first degree murder of Buck Cheshewalla, under Count 1 of the indictment, because the murder was committed in the course of a robbery. The jury also indicated it found Sides guilty of first degree murder of Maude Cheshewalla, under Count 2 of the indictment, because the murder was *both* premeditated *and* committed in the course of a robbery.

Sides appeals, claiming there was insufficient evidence of malice aforethought, premeditation, and aiding and abetting; raising two evidentiary objections; and asserting plain error in the district court's failure to give an unrequested jury instruction. We affirm.

### Insufficient Evidence

Appellant argues "the government did not meet its burden of proof as to the element of 'malice aforethought'; and consequently, the jury's verdict based upon felony/murder or aiding and abetting must be reversed as to both counts 1 and 2." Appellant also argues there is insufficient

evidence of premeditation as to Count 2, and aiding and abetting as to both counts. We disagree.

A single test applies in reviewing the sufficiency of the evidence in criminal cases. "The evidence—both direct and circumstantial, together with the reasonable inferences to be drawn therefrom—is sufficient if, when taken in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." *United States v. Hooks*, 780 F.2d 1526, 1531 (10th Cir.), *cert. denied*, 475 U.S. 1128, 106 S.Ct. 1657, 90 L.Ed.2d 199 (1986). *See also United States v. McKinnell*, 888 F.2d 669, 673 (10th Cir.1989). A jury verdict that is supported by substantial evidence cannot be set aside. *United States v. Shelton*, 736 F.2d 1397, 1402 (10th Cir.), *cert. denied*, 469 U.S. 857, 105 S.Ct. 185, 83 L.Ed.2d 119 (1984).

Under the federal murder statute, murder is the "unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a).[2] First degree murder is defined as including any murder which is *either* premeditated *or* committed in the perpetration of any of the listed felonies, which include robbery. For the purposes of this case, first degree murder thus requires proof of: either a premeditated, malicious, and unlawful killing of a human being, or a malicious and unlawful killing of a human being committed in the perpetration of a robbery.

As noted, the jury specified that the first degree murder of Maude Cheshewalla was *both* premeditated *and* committed in the perpetration of a robbery. The jury also specified that the first degree murder of Buck Cheshewalla was committed in the perpetration of a robbery.[3] Because Sides

---

**2.** 18 U.S.C. § 1111(a) provides:

(a) Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, burglary, or robbery; or perpetrated from a premeditated de-

sign unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

Any other murder is murder in the second degree.

**3.** Due to commendable thoroughness, the Special Interrogatory also confirms that each finding of first degree murder is supported by the jury's conclusion that "the Defendant, Eugene Mervin Sides, is guilty of murder in the first

admitted robbing the victims, who were concededly killed unlawfully, only the element of malice was at issue. We will therefore affirm both first degree murder convictions if the record contains sufficient evidence to enable a reasonable jury to find malice beyond a reasonable doubt. *Hooks*, 780 F.2d at 1531.

> Under the cases,
>
> [m]alice does not require a subjective intent to kill, but may be established by evidence of conduct which is a "reckless and wanton and a gross deviation from a reasonable standard of care, of such a nature that a jury is warranted in inferring that defendant was aware of a serious risk of death or serious bodily harm."

*United States v. Shaw*, 701 F.2d 367, 392 n. 20 (5th Cir.1983) (quoting *United States v. Black Elk*, 579 F.2d 49, 51 (8th Cir. 1978)), *cert. denied*, 465 U.S. 1067, 104 S.Ct. 1419, 79 L.Ed.2d 744 (1984).

The evidence presented to the jury in this case unequivocally establishes the malicious nature of Appellant's conduct. The FBI agent who arrested Sides, advised him of his rights, and took his signed statement testified Sides told him that "while discussing the robbery plan [with Harris] while driving [to the Cheshewalla's house] Harris had stated that 'If these people see me we're going to have to waste them.'" Sides himself testified that as the two drove to the Cheshewalla's house, Harris "made the statement that if either one of them seen [sic] him he would have to kill them." Despite this knowledge of his accomplice's plans, Sides continued to actively participate in the robbery.

Sides further testified on cross-examination that he thought the victims recognized Harris:

> Yes, they were both blindfolded, but Mr. Cheshewalla, there was the possibility that he might have recognized Mr. Harris down at—by the truck, and I know Mrs. Cheshewalla recognized him, I think at one time in the doorway, when he was in the doorway.

degree, *including* malice aforethought...."

Sides testified that even after Buck Cheshewalla was shot in the head, he continued to collect loot and carry it outside to the truck.

Sides admitted participating in an armed robbery even though he knew both victims would be killed if they happened to see his accomplice. He continued to rob the victims even though he believed they recognized his accomplice. Then, even after the killing began, he did not withdraw, but continued with the robbery. This evidence conclusively establishes that Sides was aware of a serious risk of death attending his conduct—that he acted, in other words, with malice aforethought. *Shaw*, 701 F.2d at 392 n. 20. In this respect, he was properly convicted of two first degree murders under 18 U.S.C. § 1111(a).

■ The jury also based its guilty verdict upon Sides's premeditated first degree murder of Maude Cheshewalla. We have considered Appellant's argument concerning the sufficiency of the evidence to show premeditation and find it to be entirely without merit. Sides testified that Buck Cheshewalla was shot first. The evidence suggested that Mr. Cheshewalla was shot during a struggle, perhaps without premeditation. However, no similar evidence explains the Maude Cheshewalla killing. According to Sides, she sat passively, crying and crossing herself moments before her death. Sides also testified he believed Maude Cheshewalla recognized Harris. Given the sequence of the killings, and Sides's knowledge that Harris intended to kill both victims if they recognized him, the evidence is sufficient to enable a reasonable jury to conclude beyond a reasonable doubt that the killing of Maude Cheshewalla was premeditated.

Because we hold the evidence is sufficient to enable a reasonable jury, beyond a reasonable doubt, to find Sides guilty as a principal of two first degree felony murders—one of which was also first degree premeditated murder—it is beyond question there was sufficient evidence for a reasonable jury to find Sides guilty beyond a reasonable doubt of aiding and abetting

(Emphasis added.)

the two murders. We therefore reject Appellant's argument concerning the sufficiency of the evidence to show aiding and abetting.

## Prior Convictions

■ Appellant next argues the district court denied him a fair trial by rejecting his motion in limine to exclude his prior convictions.[4] In support of the motion, Sides contended "the probative value of the convictions does not outweigh the prejudicial effect introduction of those convictions would have on the defendant's trial." Sides also argued "the court must make a specific finding that the probative value of the evidence of conviction outweighs its prejudicial effect upon the defendant before admitting the conviction into evidence." The government argues Appellant withdrew his objection to the admission of his prior convictions by conceding he would be impeached with the convictions if he testified at trial. We agree Appellant failed to preserve this issue for appeal.

The district court deferred ruling on the motion in limine until trial. After the prosecution rested, the court held a hearing out of the jury's presence in which the trial judge questioned the parties concerning Sides's intention to testify. At no time during the hearing did the defense object to the admission of the prior convictions. In fact, the subject was first broached by defense counsel when he advised Sides: "If you do testify, I think you can be assured that [the prosecution] will be allowed to introduce your prior criminal record, which has not been introduced." The prosecution informed the court: "There will be three felony convictions, which of course the Court would instruct, as usual, that the jury may consider them on the issue of credibility. I think they would be somewhat damaging for a man who has already been revealed as pretty much of a liar...."

Sides's prior convictions included robbery, aggravated battery, and misdemeanor aggravated assault.

The court decided to admit Sides's felony convictions for robbery and aggravated battery for impeachment purposes, but declined to admit the misdemeanor conviction. The court further advised Sides to keep in mind, in deciding whether to testify, that the prosecutor would "probably talk to you about this robbery conviction and the conviction in reference to aggravated battery." The hearing ended without defense objection.

Sides testified in his own defense. Defense counsel brought out the prior convictions during Sides's direct testimony. The prosecution questioned Sides about the convictions on cross-examination, and again mentioned them in closing argument. At no time did Sides object to the admissibility of the convictions, or to the prosecutor's remarks.

Appellant now asserts he was denied a fair trial by the admission of the prior convictions. Appellant argues the district court failed to balance the prejudicial impact of the prior convictions against their probative value under Fed.R.Evid. 609(a)(1).[5] Appellant argues the admission of his prior convictions was prejudicial under the facts of this case, and takes issue with the prosecutor's allegedly improper comments about the convictions during closing argument.

"Under the best of circumstances, counsel must exercise caution in relying exclusively upon rulings made in connection with pretrial motions *in limine* as the basis for preserving claims of error in the admission and exclusion of evidence." *Conway v. Electro Switch Corp.*, 825 F.2d 593, 596 n. 1 (1st Cir.1987). Numerous courts hold the simple assertion of a motion in limine, without more, is insufficient to preserve an issue for appeal. *See, e.g., United States*

---

4. Appellant's "Motion in Limine Regarding Evidence of Defendant's Prior Conviction of Crime" sought an order precluding the prosecution "from making use of defendant's prior conviction of crime" at trial.

5. Fed.R.Evid. 609(a)(1) provides that evidence that an accused has been convicted of a crime punishable by death or imprisonment in excess of one year "shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."

*v. Khoury,* 901 F.2d 948, 966 (11th Cir. 1990); *Freeman v. Package Machinery Co.,* 865 F.2d 1331, 1336–38 (1st Cir.1988); *Wilson v. Waggener,* 837 F.2d 220, 222 (5th Cir.1988); *United States v. Roenigk,* 810 F.2d 809, 815 (8th Cir.1987). "[M]otions in limine [often] address hypothetical concerns that may not arise during the course of trial[; thus] parties must reraise objections with particularity when the issue becomes ripe." *Khoury,* 901 F.2d at 966.

When counsel diligently advances the contentions supporting a motion and fully apprises the trial judge of the issue in an evidentiary hearing, application of the rule may make little sense. *See United States v. Neumann,* 867 F.2d 1102, 1107 (8th Cir. 1989) (Arnold, J., concurring). Such is not the case here. Sides neither objected nor attempted to advance the contentions supporting the motion in limine during the hearing in which the judge ruled on the admissibility of the convictions. Under these circumstances, we agree that "[a] party whose motion in limine is overruled must renew his objection when the evidence is about to be introduced at trial." *Waggener,* 837 F.2d at 222; *see also Roenigk,* 810 F.2d at 815. Because Appellant failed to preserve these issues for review by contemporaneous objection, *see* Fed. R.Evid. 103(a)(1), we review the district court's ruling only for plain error affecting substantial rights. *See* Fed.R.Crim.P. 52(b); *see also United States v. Orr,* 864 F.2d 1505, 1508 (10th Cir.1988).

Several factors are relevant to the determination whether the probative value of a prior conviction outweighs its prejudicial effects. Among them are "the nature of the crime, the time of the conviction, the similarity of the past crime to the charged crime, the importance of the defendant's testimony, and the degree to which the defendant's credibility is central to the case." *United States v. Jackson,* 627 F.2d 1198, 1209 (D.C.Cir.1980); *see also United States v. Mahone,* 537 F.2d 922, 929 (7th Cir.), *cert. denied,* 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976).

■ Appellant emphasizes a single factor, the similarity of his prior convic-tions, which involved crimes of violence and the present charge. Appellant argues his prior conviction for robbery was especially prejudicial in this case because the felony murder theory was predicated on an underlying robbery. However, Sides fully admitted active participation in the Cheshewalla robbery. His admission in open court eliminates any concern that the jury assumed him guilty of robbery solely on the basis of his prior robbery conviction. Sides's admission to robbery in the present case diminished the prejudicial value of his prior robbery conviction.

Considering the other factors, we note both the defendant's testimony and credibility were important. Sides placed his credibility in issue by confessing his participation in the armed robbery while claiming that he was not the triggerman. It is also clear the district court considered the nature, or relative seriousness, of the prior convictions. The district court properly excluded evidence of Appellant's relatively insignificant misdemeanor offense.

We find no plain error in the admission of Appellant's prior convictions. The plain error doctrine of Rule 52(b) "authorizes the Courts of Appeals to correct only 'particularly egregious errors,' *United States v. Frady,* 456 U.S. 152, 163, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982), those errors that 'seriously affect the fairness, integrity, or public reputation of judicial proceedings,' *United States v. Atkinson,* 297 U.S. [157], 160 [56 S.Ct. 391, 392, 80 L.Ed. 555] [ (1936) ]." *United States v. Young,* 470 U.S. 1, 15, 105 S.Ct. 1038, 1046, 84 L.Ed.2d 1 (1985). Viewing Appellant's claim "against the entire record," *id.* at 16, 105 S.Ct. at 1046, and in light of the overwhelming evidence of Appellant's guilt, we are certain our rejection of Appellant's claim does not comprise a "miscarriage of justice," *Frady,* 456 U.S. at 163 n. 14, 102 S.Ct. at 1592 n. 14.

■ We likewise find no plain error in the district court's failure expressly to balance probative value against prejudicial effect under Rule 609(a)(1). In *United States v. Davis,* 929 F.2d 554, 558 n. 3 (10th Cir.1991), we found no plain error in the

trial court's admission of prior conviction evidence for impeachment purposes without weighing probative value against prejudicial effect where the defendant raised the issue as evidence of his innocence. In *United States v. Rosales*, 680 F.2d 1304, 1306 (10th Cir.1981), we noted this circuit has not adopted a requirement that trial courts make explicit findings in determining the admissibility of prior convictions. While explicit findings enable the appellate court to ensure the proper application of Rule 609, *see Mahone*, 537 F.2d at 929, explicit findings are not "an absolute requirement the nonperformance of which mandates reversal," *Jackson*, 627 F.2d at 1208–09.

■ In summary, the trial court's admission of Sides's prior convictions under these facts does not constitute plain error. Indeed, given the overwhelming evidence of Appellant's guilt, including his admitted participation in the robbery in the circumstances related above, any error in the admission of his prior convictions is harmless beyond a reasonable doubt. *See, e.g., Harrington v. California*, 395 U.S. 250, 253–54, 89 S.Ct. 1726, 1728–29, 23 L.Ed.2d 284 (1969).

### Prosecutor's Comments and Jury Instruction

Appellant next argues that prosecutorial misconduct, coupled with the trial court's failure to give an unrequested cautionary instruction about the proper use of the parties' stipulation [6] concerning accomplice Harris's convictions for the Cheshewalla murders, amount to plain error entitling him to a new trial. Because Appellant also failed to preserve this argument for review through objection to the trial court, Fed. R.Evid. 103(a)(1), we review only for plain error affecting substantial rights. *See United States v. Lonedog*, 929 F.2d 568,

570 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 164, —— L.Ed.2d —— (1991); Fed.R.Crim.P. 52(b).

■ In this case, the prosecutor concluded his closing argument by stating: "If the law means anything at all, this is what it all means right here. Sides and Harris were in this together. They should receive the same treatment by the law. Thank you." The remark plainly alludes to Harris's two first degree murder convictions for the Cheshewalla killings. We assume this remark, to the extent it suggests the jury should be guided by the results of the Harris trial, was improper.

However, this error does not constitute the sort of fundamental injustice necessary to a finding of plain error. *See Lonedog*, 929 F.2d at 570–72. "Plain error is *'fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done.'" *United States v. Henning*, 906 F.2d 1392, 1397 (10th Cir. 1990) (emphasis in original & citations omitted), *cert. denied,* —— U.S. ——, 111 S.Ct. 789, 112 L.Ed.2d 852 (1991). Again, we apply plain error review in light of the entire trial record. *Young*, 470 U.S. at 16, 105 S.Ct. at 1046–47; *United States v. Williams*, 445 F.2d 421, 424 (10th Cir.), *cert. denied*, 404 U.S. 966, 92 S.Ct. 342, 30 L.Ed.2d 286 (1971). When we consider the prosecutor's closing remarks as a whole, we find the force of the improper remark is significantly undercut by the prosecutor's previous comments. The prosecutor also said:

Harris is convicted, and you have heard the stipulation on how he was convicted and what the jury found about him. *That was a different trial, I don't ask you to be guided by what happened to Harris.* But we've agreed here that the first jury not only convicted him of first degree premeditated murder but they

---

**6.** As read by the trial judge, the stipulation stated:

It is stipulated and agreed between the parties here, that is the government and the defendant Mr. Sides, that in November of 1989 in this court that Billy Gene Harris was tried for the first degree murders of Joseph Edward

Cheshewalla and Gloria Maude Cheshewalla. The jury in that trial convicted Billy Gene Harris of the first degree murders of the Cheshewallas. The jury specifically found that Billy Gene Harris committed premeditated first degree murder and felony murder in regard to both victims.

also convicted him of felony murder. So the first jury convicted Mr. Harris every way they could, but that's a separate defendant. Although the two went there together, performed many of these acts together, the Harris matter is different. (Emphasis added.) Second, unlike Harris's jury, this jury did not convict Sides "every way they could"—this jury did not find Sides guilty of the premeditated, first degree murder of Buck Cheshewalla. Thus, the jury plainly did not parrot the stipulated Harris verdict. Finally, as noted above, Sides's trial testimony was itself sufficient to warrant his convictions for first degree murder. We therefore find no plain error requiring reversal of Sides's convictions.

■ The other component of the alleged error involves the district court's instruction to the jury regarding the parties' stipulation about Harris's convictions.[7] Counsel for defense fully endorsed the stipulation, even requesting permission to refer to it during closing argument. Sides apparently believed the jurors would look more favorably upon his testimony after they learned his accomplice was convicted for both murders. However, despite his failure to object or to offer an alternative instruction at the time of trial, Appellant now argues the district court "should have cautioned the jury to the effect that ... the disposition of the codefendant's case should not be considered as substantive evidence of appellant's guilt."

■ Under the Federal Rules of Criminal Procedure, Appellant waived any error in the jury instructions by failing to raise timely objection. "No party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury retires to consider its verdict...." Fed.R.Crim.P. 30. "Failure to object to the jury charge in a timely and specific manner precludes appellate review, and the judgment will be reversed only if

the trial court committed plain error." *United States v. Neumann*, 887 F.2d 880, 882 (8th Cir.1989) (en banc), *cert. denied*, —— U.S. ——, 110 S.Ct. 2210, 109 L.Ed.2d 536 (1991); *see also United States v. Ward*, 914 F.2d 1340, 1344 (9th Cir.1990).

We find no plain error in the district court's failure to give an unrequested cautionary instruction concerning the proper use of the stipulation. Under the facts of this case, we have no doubt that justice was done despite the lack of such a cautionary instruction. *Henning*, 906 F.2d at 1397. Even in conjunction with the prosecutor's improper remark (which did not in itself amount to plain error), the omission certainly does not constitute plain error resulting in a "miscarriage of justice," *Frady*, 456 U.S. at 163 n. 14, 102 S.Ct. at 1592 n. 14.

## Admission of Photographs

Finally, Appellant protests the trial court's admission, over objection, of five crime scene photographs showing the murder victims as they were found by the police. Appellant argues the photographs had no probative value and were unduly prejudicial and inflammatory. Appellant also argues the photographs "do not have probative value which clarify, or aid the Government's view of the case." We disagree in all respects.

■ We review the admission of photographs only for an abuse of discretion. *United States v. Soundingsides*, 820 F.2d 1232, 1242–43 (10th Cir.1987); *United States v. Naranjo*, 710 F.2d 1465, 1468–69 (10th Cir.1983). " 'The trial judge's exercise of discretion in balancing the prejudicial effect and probative value of photographic evidence of this type is rarely disturbed.' " *Soundingsides*, 820 F.2d at 1243 (quoting *United States v. Goseyun*, 789 F.2d 1386, 1387 (9th Cir.1986).

7. In its charge to the jury, the district court stated:

Now, during the trial of this case the parties here entered into a stipulation or agreement concerning the result of the trial and conviction of one Billy Gene Harris, who was charged in the two-count indictment herein along with the defendant Eugene Mervin Sides. You may consider as true the matters stipulated or agreed to by the parties in reference to the previous trial and conviction of the defendant Billy Gene Harris.

Exhibits 9 and 10 show the body of Buck Cheshewalla from different angles; Exhibit 10 is a close-up, dorsal view of the upper torso and head. The exhibits are certainly relevant and probative evidence. Exhibits 9 and 10 confirm that Mr. Cheshewalla had broken free of the duct tape binding his wrists, and show a leather belt found around his neck—thus bolstering the prosecution's contention that Mr. Cheshewalla was killed during a struggle in which both Sides and Harris participated. We find no prejudicial aspect of the photographs. The photographs are "not unduly nor designedly inflammatory." *Naranjo*, 710 F.2d at 1469. Exhibits 9 and 10 do not show an entrance wound, excessive blood, or the victim's face.

Exhibit 12 shows Maude Cheshewalla as she was found, blindfolded but unbound, in a living room chair. Exhibit 13 is a close-up that reveals the entrance wounds and the victim's blood-stained shirt, but which is not unduly inflammatory. Exhibit 15 shows the relative locations of the victims, with one in the foreground and one in the background of a view down a hallway into the bedroom. These exhibits include probative evidence of the victims, the method of murder, and the crime scene.

" 'Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under [Federal] Rule [of Evidence] 403.' " *Id.* (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862, 100 S.Ct. 128, 62 L.Ed.2d 83 (1979) (emphasis in original)). The challenged exhibits have probative value, and "they are in no sense so shocking as to have unfairly prejudiced the defendant." *Naranjo*, 710 F.2d at 1469. We therefore find no abuse of discretion in their admission.

## Conclusion

Having considered each of Appellant's arguments, we find no reason to disturb his conviction for two counts of first degree murder. The judgment of the district court is AFFIRMED.