16 F.3d 417
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Jerry CRESPIN, IV, Defendant-Appellant.
 No. 92-2154.
 United States Court of Appeals, Tenth Circuit.
 Dec. 22, 1993.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 
 1
 Jose Jerry Crespin, IV appeals his conviction of the crimes of conspiracy to distribute more than 500 grams of cocaine, possession with intent to distribute more than 500 grams of cocaine, use and carrying of a firearm in relation to a drug trafficking crime, and conspiracy to distribute cocaine. He raises three issues on appeal: (1) The district court violated Fed.R.Crim.P. 12(e) by not making findings of fact on his motion to suppress; (2) The district court abused its discretion by not holding an evidentiary hearing on that motion; and, (3) The district court erred in the admission of evidence in violation of Fed.R.Evid. 404(b). We affirm.
 
 
 2
 Defendant filed a written pretrial "motion to exclude evidence" seeking what appears to have been in limine relief and the suppression of physical evidence.[2] The government responded to both motions, contending the evidence defendant wanted excluded was admissible and the evidence he wanted suppressed was not taken in violation of the Fourth Amendment. Thus, both Rule 404(b) and illegal seizure issues were clearly framed substantially in advance of trial.
 
 
 3
 Nonetheless, for reasons not apparent from the record, the district court did not address these issues until the first day of trial. Characterizing defendant's pleading merely as a motion in limine, the district court summarily denied exclusion. Even though it accepted offers of proof on the issues from both sides, the court made no findings, but concluded the government's evidence would not violate Rule 404(b). Although objecting to the court's refusal to take evidence on his motion, defendant made no specific objections to the introduction of government exhibits during trial.[3]
 
 
 4
 Even though the question has not been raised by the government, we must first address whether the issues are ripe for disposition. Counsel may not rely upon a motion in limine to preserve for appeal questions of admissibility of evidence, and must object specifically to the introduction of such evidence to save the issue. United States v. Sides, 944 F.2d 1554, 1559 (10th Cir.), cert. denied, 112 S.Ct. 604 (1991). Moreover, objections must clearly state the ground relied upon to be effective. United States v. Barbee, 968 F.2d 1026, 1031 (10th Cir.1992). "Error may not be predicated upon a ruling which admits ... evidence unless a substantial right of the party is affected and ... a timely objection ... appears of record, stating the specific ground of the objection, if the specific ground was not apparent from the context." Fed.R.Evid. 103(a)(1) (emphasis added).
 
 
 5
 Here, counsel stated no specific basis for any objection he raised, and his statement "same objection" is so ambiguous that we cannot say the grounds of his objections were apparent from the context. Accordingly, because the evidence was introduced without a proper objection, we hold defendant has failed to preserve issues relative to the suppression and exclusion of that evidence. Id.
 
 
 6
 We have, nonetheless, examined the record and would have concluded no error was committed even if the issues had been properly preserved. First, the evidence defendant sought to have suppressed was either seized under authority granted by a search warrant or during a proper inventory search following his arrest. Even though the district court may have erred in failing to make pretrial findings of fact, that error is harmless because the record is sufficiently clear to eliminate any question about the constitutional propriety of the seizures. We also believe admission of firearms not described in the indictment was not a violation of Rule 404(b) because those firearms properly fall within the rubric of "tools of the trade." United States v. Martinez, 938 F.2d 1078, 1083 (10th Cir.1991); see also United States v. Romero, 692 F.2d 699, 704-05 (10th Cir.1982).
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R.36.3
 
 
 [2]
 The motion itself is not a part of the record. We have relied, however, on the memorandum submitted in support of the record to obtain the sense of the motion
 
 
 [3]
 In his brief, defendant contends objections were made. We have examined the instances he has cited and find with one exception, the only objection consistently stated was, "same objection." On one occasion, when asked if he had an objection, trial counsel responded "none other than already stated."