UNITED STATES of America, Plaintiff,

v.

Lori GROVE, et al., Defendants.

No. 93–CR–114 S.

United States District Court,
D. Utah, C.D.

Feb. 2, 1994.

**1496**

Bruce Lubeck, Asst. U.S. Atty., Salt Lake City, UT, for plaintiff.

Ronald Yengich, Salt Lake City, UT, for defendant.

### MEMORANDUM DECISION AND ORDER

BOYCE, United States Magistrate Judge.

The defendant, Lori Grove, has made a motion in limine to exclude from evidence, when she testifies at trial, any questioning of her by the prosecution about her prior conviction in the State of Colorado for the felony offense of aggravated assault (File Entry 74).

The defendant is being tried separately from her two codefendants who have already been convicted. Defendant is charged with possession of crack cocaine with intent to distribute (21 U.S.C. § 841(a)(1)) and the use and carrying of a firearm in relation to a drug trafficking crime (18 U.S.C. § 924(c)). The defendant has denied her involvement in the crime. The government's witness will testify to Grove's culpability. Therefore, credibility will be directly in issue. The United States contends it should be able to question defendant about her prior felony conviction under Rule 609(a)(1), F.R.E. to show that defendant is not credible (File Entry 78). The government conceded at hearing on this matter, that it did not have any other evidence to attack defendant's credibility under Rules 608(a) or (b) F.R.E. The defendant has stated, through counsel, that she will testify at trial and therefore, the standard, under *Luce v. United States,* 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984), for ruling on the motion in limine to exclude a criminal conviction is satisfied.

The parties have agreed the defendant's prior Colorado aggravated assault conviction was based on the use of a knife not a gun. The incident occurred in 1985 and the convic-
tion was in 1986. Thus, the incident affecting credibility will be 8 to 9 years old at trial, and the conviction 7 to 8 years old. No certificate of rehabilitation or the like has been issued. However, the defendant did successfully complete a probation period. Defendant was never incarcerated on the charge.

At oral argument on the motion, counsel for the United States agreed that the jury might very well consider the conviction as showing defendant was a bad person at one time, or not the individual she may appear to be, and use the evidence for character purposes prohibited by Rules 404(a) & 405(a) F.R.E. The government contends that in spite of this possibility the conviction is predominantly relevant to credibility.

■ The standards to be applied under Rule 609, F.R.E. regarding convictions used for impeachment were changed effective December 1, 1990. The rule was clarified to set the standard the trial court must apply in balancing the issue of credibility of the accused against potential prejudice to the accused. See *Notes of Advisory Committee,* 1990. The Advisory Committee notes state:

> Although the rule does not forbid all use of convictions to impeach a defendant, it requires that the government show that the probative value of convictions as impeachment evidence outweigh their prejudicial effect.

Rule 609(a) F.R.E. provides:

> ... evidence that an accused has been convicted of [a crime punishable by ... imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect to the accused.

The burden is on the prosecution. *Notes of Advisory Committee,* supra; *United States v. Mahone,* 537 F.2d 922 (7th Cir.1976); McCormick, *Evidence* Vol. 1 p. 144 (1992).

■ If a non-defendant is the witness, the standard of Rule 403, F.R.E. applies and the prejudice must *substantially* outweigh credibility. However, if the accused is the witness

a simple balancing standard is applied,[1] weighing credibility against prejudice.

The government suggested this matter should be left for trial. However, the magistrate judge has heard numerous motions and other matters in the case, including suppression motions. The facts of the case on both sides are well known to the magistrate judge. In *United States v. Mejia–Alarcon*, 995 F.2d 982 (10th Cir.1993) the court discussed whether a motion in limine would preserve an objection if not further raised at trial and said if the matter is one that can be finally ruled on at a pretrial hearing and is ruled on without equivocation, the parties may treat the matter as finally decided. The court did say p. 987 n. 2:

> In contrast, we note that Mejia would not have been entitled to rely on a pretrial ruling *admitting* the conviction under Rule 609(a)(1), as any final determination as to admissibility under Rule 609(a)(1) rests on a balancing of the probative value and prejudicial effect of the conviction—a balancing that could only properly be performed after an assessment of the evidence that had come in up to the point of its admission. (Emphasis added).

Citing *United States v. Cobb*, 588 F.2d 607, 612–13 (8th Cir.1978). This is not an issue of admission, but exclusion.

Also, at hearing, counsel for the government conceded the evaluation by the magistrate judge at a motion in limine would be the same as would confront the district judge at trial. Since the parties may take an objection to the district judge under 28 U.S.C. § 636(b)(1)(A) from the ruling of the magistrate judge, the magistrate judge will rule on the motion in limine as referred by the district court. However, it should be observed that at this stage, the facts relevant to the inquiry are not obscure or unknown.

■ The defendant's crime of conviction is one of violence. It does not involve deceit or *crimen falsi*. It has very little bearing on defendant's credibility except to suggest that she did a bad and dangerous thing in her past. It does not bear on her credibility as to drug matters or significantly as to carrying or using a firearm in relation to a drug trafficking crime. However, the conviction being for a crime of violence would cast the defendant in a general negative light. It could have the direct tendency to suggest she would carry or use a weapon. Assaultive crimes have a limited utility in assessing credibility. McCormick, supra, p. 145.

The decision to admit or exclude evidence of the prior conviction is in the sound discretion of the court. *United States v. Larsen*, 525 F.2d 444 (10th Cir.1975); *United States v. Thomas*, 945 F.2d 328 (10th Cir.1991); *United States v. Turner*, 960 F.2d 461 (5th Cir.1992) (broad discretion in trial court). See also Imwinkelried, et al., *Courtroom Criminal Evidence*, 2d Ed. § 708 (1993).

In *United States v. Jefferson*, 925 F.2d 1242 (10th Cir.1991) the court found no abuse of discretion in the admission of prior robbery and burglary convictions in a prosecution of possession of a controlled substance with intent to distribute. The court said that robbery and burglary were serious crimes. In *United States v. Short*, 947 F.2d 1445 (10th Cir.1991) the admission of a prior drug conviction in a drug manufacturing prosecution was held to be harmless error under the amended Rule 609(a)(1). However, the inference was the trial court should have been more cautious.

In *United States v. Sides*, 944 F.2d 1554 (10th Cir.1991), a homicide prosecution, the court held that admission of defendant's prior felony convictions for robbery and aggravated battery was not "plain error." The court said:

> Several factors are relevant to the determination whether the probative value of a prior conviction outweighs its prejudicial effects. Among them are "the nature of the crime, the time of the conviction, the similarity of the past crime to the charged crime, the importance of the defendant's

**1.** Some decisions in this Circuit have held a balancing standard in Rule 609 F.R.E. does not require a special finding by the trial court, *United States v. Sides*, 944 F.2d 1554 (10th Cir.1991) and if defendant introduces the conviction, weighing is not required. *United States v. Davis*, 929 F.2d 554 (10th Cir.1991). However, weighing and balancing under Rule 609(a)(1) is now clearly required. *United States v. Smith*, 10 F.3d 724 (10th Cir.1993).

testimony, and the degree to which the defendant's credibility is central to the case.

944 F.2d at 1560.

In cases prior to the recent amendment of Rule 609, F.R.E., the use of a prior burglary conviction to impeach a defendant in a burglary prosecution was held not to be improper. *United States v. Seamster*, 568 F.2d 188 (10th Cir.1978). The court found the probative value outweighed the possible prejudice. In *United States v. Brown*, 784 F.2d 1033 (10th Cir.1986) the court held a prior burglary conviction was admissible on defendant's truthfulness in a rape prosecution. See also *United States v. Rosales*, 680 F.2d 1304 (10th Cir.1981) (in prison assault prosecution admission of prisoner witness convictions proper); *United States v. Halbert*, 668 F.2d 489 (10th Cir.1982) (in armed robbery prosecution aggravated robbery conviction could be used to impeach).

Recently, in *United States v. Smith*, supra, defendant was convicted of bank robbery and contended it was improper for the trial court to have denied a motion in limine to exclude defendant's prior felony convictions for robbery and burglary. The court referred to *Jefferson and Halbert* and concluded there was no abuse of discretion.

It must be concluded that in the Tenth Circuit there are cases which support the government's claim to the use of felony convictions for impeachment purposes which involve violent crimes. However, none have involved mere assaultive conduct. There is a more significant perception of deviousness in burglary and robbery than in an assault, which is much more *crimen* than *falsi*. However, *Jefferson* is close to this case, but each situation must be evaluated on its particular facts. It is appropriate to consider that the factors the court identified in *Sides* as proper for evaluation in determining the admissibility of a felony conviction for impeachment purposes. 944 F.2d at 1560, infra.

In this case, the nature of the crime bears little on credibility. The time of the crime is remote to the time defendant will testify. The crime is not similar to the drug offense, but does have some similarity to the weapons charge. 18 U.S.C. § 924(c). There is a real danger the conviction could be improperly evaluated against defendant on the weapons charge. The defendant's credibility is central to the case. The above analysis supports defendant's motion for exclusion. The facts relevant to the conclusion in this case are that defendant Lori Grove was the driver of a vehicle lawfully stopped in Utah by police. The vehicle had three other occupants. Two males were in the rear of the vehicle and a female passenger in the front seat. After a lawful search of the vehicle, controlled substances (cocaine) were found in the trunk along with a .357 magnum located about a foot from the drugs. There is evidence Lori Grove clearly knew of and was a full participant in the transportation of the drugs. What is more in dispute is her knowledge of the gun. The two males in the rear of the vehicle have been convicted and will not testify. The right seat passenger will testify for the government as to Grove's culpability. Grove denies her involvement. Because credibility is so important, distractions on character could be very prejudicial.

It is concluded that in this case, it is more likely a jury would consider the prior conviction of defendant as evidence of general bad character rather than evidence of a lack of credibility. The government has not carried its burden of proof. Therefore, it is concluded that the defendant's motion in limine should be granted. Therefore,

**IT IS HEREBY ORDERED:**

That the motion of defendant Lori Grove to exclude the government at trial from offering her prior criminal conviction for aggravated assault to impeach her credibility is granted.