39 F.3d 1193
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ferlin PLATERO, Defendant-Appellant.
 No. 93-2317.
 United States Court of Appeals, Tenth Circuit.
 Nov. 16, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before MOORE and BARRETT, Circuit Judges, and ROGERS, District Judge.[2]
 
 
 2
 There are two separate criminal incidents involved in this appeal. In the first, defendant was convicted of raping Susie Francis. Prior to trial, defendant sought to impeach Francis by showing she had falsely accused defendant of raping her to protect an extramarital relationship she was having with Vernon Laughlin.
 
 
 3
 At an evidentiary hearing on defendant's motion under Fed.R.Evid. 412(b)(1) to determine the admissibility of evidence of Francis' past sexual behavior, both Francis and Laughlin testified they were currently living together but denied any romantic alliance at the time of the rape. Defendant presented the testimony of Laughlin's former girlfriend who stated she knew he had been engaged in an affair with Francis at the time of the alleged rape, and she terminated her own five-year cohabitation with Laughlin because of his involvement with Francis. The district court denied the motion to use the testimony after finding it had no relevance.
 
 
 4
 Recognizing it was defendant's theory Francis had to explain to Laughlin where she had been during her encounter with defendant, the court nonetheless stated:
 
 
 5
 I have great difficulty with a relevancy link by the witness Laughlin, whether or not he had a romantic relationship. He saw her leave with the defendant. He knew who she had been with and saw her return. She didn't have to explain where she had been.... I do not conclude that there is any significant relevance here.
 
 
 6
 The court also concluded the testimony would have been more prejudicial to the victim than relevant to the issues of the case.
 
 
 7
 Defendant presents this issue as a denial of his Sixth Amendment confrontational right. We review de novo.
 
 
 8
 Fed.R.Evid. 412 permits evidence of a victim's past sexual behavior to determine "whether the alleged victim consented to the sexual behavior with respect to which such offense is alleged." Rule 412(b)(2)(B). Defendant's case is mainly founded upon Olden v. Kentucky, 488 U.S. 227 (1988), which the district court found distinguishable. Olden bears some remarkably similar circumstances to this case, but the critical fact has been left unresolved.
 
 
 9
 In Olden, there was a proven factual predicate for a presumption the victim would have a reason to falsify her testimony. First, there was evidence that the victim had an existing relationship with a man. Second, that man did not know the alleged victim had been with the defendant and she was unable to explain why the man saw her alight from defendant's car. It is not, therefore, an inconceivable stretch to presume she would lie to her lover and claim to have been raped. Moreover, there was corroborative evidence that the sex between her and the defendant was consensual.
 
 
 10
 In this case, the foundation upon which the Olden paradigm is built, while evident in the testimony, has not been resolved on the record. The application of the Olden principle is dependant upon the existence of a relationship between Francis and Laughlin. There was testimony concerning the fact of the relationship, but it was rebutted. Unfortunately, while the district court appeared to have disbelieved Laughlin's former girlfriend, the court did not resolve the discrepancy in the testimony.
 
 
 11
 At this juncture, the proper outcome hangs in the balance. If there had been an existing relationship between Francis and Laughlin at the time of the alleged crime, defendant should have been allowed to cross-examine Francis, as required by Olden. Obviously, if there was no relationship, the entire logic behind defendant's quest evaporates.
 
 
 12
 The second issue arises out of a subsequent prosecution and conviction of rape. After severing counts involving the rape of a second woman, Genevieve Stauffer, the district court allowed the government to introduce evidence defendant's coworker, Victor Martinez, told their boss, Mr. Mackel, defendant had raped "another woman."
 
 
 13
 Prior to trial, in what appears from the record to be an in limine inquiry brought on by the government, the prosecutor sought the court's direction regarding this testimony. Telling the court he was "reluctant" to advise a witness "not to say certain things," the prosecutor asked for the court's "guidance."
 
 
 14
 In sum, the government's concern was that Mr. Mackel was prepared to state the morning after the alleged rape Mr. Martinez told his boss, "He [defendant] raped another woman." The government's only concern was "how the court wants to handle that."
 
 
 15
 After seeking the defense counsel's reaction, which was prolix and vague, the court ruled the statement admissible because it was relevant. The court did not expand upon that conclusion.
 
 
 16
 At trial, Mr. Mackel was asked what Mr. Martinez said, and he responded:
 
 
 17
 He told me, "He [defendant] did the same thing." And I kept asking, "What do you mean by he did the same thing'?" And after about three or four times of asking him that, he replied, "He raped a woman."
 
 
 18
 Although in the in limine conference defense counsel had said this testimony was "another way of bringing in prior bad act evidence," and that "I still object to any of this coming in," she did not object when the evidence was actually presented. Indeed, even the argument she made at the in limine conference was unspecific about the grounds for her objection. Her lack of specificity is particularly troublesome in the light of a concession she made that the evidence could come in if only the government would agree to instruct Mr. Mackel "that all he can say about it is that he had told Mr. Martinez that he had heard Mr. Platero was suspected in another rape."
 
 
 19
 Defendant now contends the district court erred in the admission of this statement because it violated the right he had secured by having the two charges severed. He also contends the district court misapplied Fed.R.Evid. 404(b).
 
 
 20
 Although not raised by the government, defendant's failure to make a specific objection to the admissibility of the testimony keeps us from addressing this issue. "Error may not be predicated upon a ruling which admits ... evidence unless a substantial right of the party is affected, and ... a timely objection ... appears of record, stating the specific ground of objection [unless] the specific ground [is] apparent from the context." Fed.R.Evid. 103(a)(1). "In order to preserve alleged error for appeal, a party must make a timely and proper objection." United States v. Mendoza-Salgado, 964 F.2d 993, 1008 (10th Cir.1992) (citations omitted). "On appeal, the specific ground for reversal on an evidentiary ruling must mirror the objection raised at trial." Id. Moreover, a party objecting to the admissibility of evidence may not rely upon a ruling made in limine but must raise a specific objection when the testimony is presented to preserve the issue for appeal. United States v. Sides, 944 F.2d 1554, 1559-60 (10th Cir.), cert. denied, 112 S.Ct. 604 (1991).
 
 
 21
 There is simply no question that defendant's error regarding the admissibility of Mr. Mackel's testimony has not been properly preserved. Not only was there no objection during trial (Tr. Vol. VII, p. 11), but also to the extent an objection was raised in limine, it was wholly lacking in specificity.
 
 
 22
 We have, nonetheless, considered the testimony in light of the remaining evidence admitted against the defendant. We conclude Mr. Mackel's statement of his conversation with Mr. Martinez pales to insignificance when compared to the other evidence of defendant's guilt. Moreover, he did not ultimately testify in the manner counsel supposed prior to trial. One has to indulge in some hyperbole to actually give the statement the harmful effect defendant suggests. Taking all these facts together, we conclude, any error in the district court's ruling is harmless.
 
 
 23
 AFFIRMED IN PART and REMANDED IN PART for a determination of the factual issue addressed in this order and judgment. Following that determination, the district court shall proceed with a disposition appropriate to its finding and the thoughts expressed here.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Richard D. Rogers, Senior Judge for the United States District Court for the District of Kansas, sitting by designation