Satoshi NAKAJIMA, et al., Plaintiffs,

v.

**GENERAL MOTORS CORPORATION,
Defendant.**

Civ. A. No. 90–1624–SSH.

United States District Court,
District of Columbia.

July 27, 1995.

Joseph H. Koonz, Jr., Patrick M. Regan, Koonz, McKenney, Johnson & Regan, Washington, DC, for plaintiffs.

William Davidson Evans, Jr., Graham & Jones, Washington, DC, Michael D. Jones, James F. Basile, Kirkland & Ellis, Washington, DC, for defendant.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendant's motion to exclude the videotape of the "kick test" and related evidence, defendant's motions to exclude certain photographs, defendant's motion to exclude the testimony of Hartford Buckel on the development of the Urban Mass Transportation Administration's ("UMTA") specifications, and defendant's motion to exclude the testimony of James Fourcade and Michael Cowger on post-accident investigations or testing. In a July 15, 1994, Opinion resolving numerous other motions, the Court noted that it would defer ruling on these motions until the time of trial.[1] *Nakajima v. General Motors Corp.*, 857 F.Supp. 100, 101 n. 1 (D.D.C.1994). However, in plaintiffs' recent request for a continuance of the May 16, 1995, trial date, which the Court granted, plaintiffs' counsel informed the Court they would like to postpone the trial until such time as they are "in a position to have a better idea of when [the] surgeries [of Toshie Nakajima] may be finally completed." *See* Letter from Joseph Koonz to the Court, filed April 25, 1995. Rather than allow the motions to remain pending indefinitely, which is undesirable, the Court by this Memorandum Order deals with the remaining motions.

▇▇▇ First, defendant moves to exclude the videotape of the "kick test" and related evi-dence. The videotape depicts the fracturing of a Vapor door motor on an RTS–II coach—the type of vehicle involved in plaintiffs' accident—upon being kicked by Dr. Douglas B. Chisholm, a metallurgical expert. Plaintiffs concede that the videotape is not being offered as a simulation of the accident, but rather as an illustration of the physical principles underlying certain expert opinions. After reviewing the videotape, the Court finds that this evidence is only minimally probative of the mechanism by which the rear door opens, and should be excluded under Fed.R.Evid. 403, because of the danger of unfair prejudice to defendant and the risk of misleading the jury about how the accident occurred.[2]

▇▇▇ Second, defendant moves to exclude certain photographs of Toshie Nakajima's injuries and the accident site. The test to be applied is whether the danger of unfair prejudice, if any, substantially outweighs the probative value of the evidence. Fed.R.Evid. 403; *United States v. Sides*, 944 F.2d 1554, 1562–63 (10th Cir.), *cert. denied*, 502 U.S. 989, 112 S.Ct. 604, 116 L.Ed.2d 627 (1991). Photographs of injuries, including graphic injuries, generally are admissible to demonstrate the nature and extent of a person's injuries. *Dabney v. Montgomery Ward & Co., Inc.*, 761 F.2d 494, 500–501 (8th Cir.), *cert. denied*, 474 U.S. 904, 106 S.Ct. 233, 88 L.Ed.2d 232 (1985). After reviewing the photographs, the Court has determined that most but not all of the photographs should be admitted. Most of them are relevant to demonstrate the precise nature and extent of Toshie Nakajima's injuries and the pain and suffering she endured during the accident. However, one of the photographs—the first photograph under Tab A of defendant's motion—is difficult to discern and thus raises some concerns about its probative value. In addition, the illustration at Tab C raises concerns about accuracy and the laying of a proper foundation, and the likelihood is that it will not be received in evidence. Thus, at

---

**1.** The Court also deferred ruling on plaintiffs' motion for an order drawing an adverse inference against defendant, which involves a jury instruction issue. Because the Court has ruled that evidence of "other incidents" is inadmissible, plaintiff's motion, which focuses on one of the "other incidents"—the June 2, 1984, incident involving Marie and Patrick Gavigan—is moot.

**2.** Plaintiffs do not indicate that the expert testimony is not readily understandable without the aid of the videotape.

this stage, the Court is inclined to deny without prejudice defendant's motions to exclude the photographs of the injuries and accident site.

■ Third, defendant moves to exclude the testimony of Hartford Buckel on the development of UMTA specifications for rear door retention forces on RTS–II coaches. Defendant moves to exclude this evidence on the ground that it is inadmissible hearsay under Fed.R.Evid. 802. The record indicates, however, that Buckel personally participated in the UMTA Bus Technical Committee's deliberations on the specifications and was the principal author of all drafts of the specifications. Based on the proffer of testimony made by counsel, it appears that Buckel will be testifying primarily on his positions on the specifications based on his personal knowledge thereof. However, to the extent that his testimony may consist of describing his prior out-of-court statements during committee deliberations or the statements of other committee members, the testimony would be hearsay. *See* Fed.R.Evid. 801. Without Buckel's full testimony before the Court—which will not happen until trial—the Court cannot make a determination as to which parts would be admissible and which parts would not. Accordingly, defendant's motion is denied without prejudice, subject to renewal at trial in the event that hearsay testimony is proffered.

■ Fourth, defendant moves to exclude any testimony by James Fourcade and Michael Cowger on post-accident investigations or testing. Defendant argues that, because WMATA was permitted to assert the self-evaluative privilege during discovery to preclude discovery of Fourcade's and Cowger's knowledge regarding Safety Committee activities, WMATA should not be permitted to put them on as witnesses at trial. Since the filing of this motion, however, WMATA has settled the claims against it, and thus will not be calling any witnesses. Nevertheless, because plaintiffs indicate on their witness list that they will call Fourcade and Cowger to testify, the Court will still rule on defendant's motion. To address defendant's concerns, the Court will limit the testimony of Fourcade and Cowger to the factual issues on which the parties were permitted discovery. Accordingly, defendant's motion to exclude the testimony of Fourcade and Cowger is denied.

Upon consideration of the foregoing, it hereby is

ORDERED, that plaintiffs' motion for an order drawing an adverse inference against defendant is denied. It hereby further is

ORDERED, that defendant's motion to exclude the videotape of the "kick test" and related evidence is granted. It hereby further is

ORDERED, that defendant's motion to exclude photographs and an illustration of Toshie Nakajima's injuries is denied without prejudice. It hereby further is

ORDERED, that defendant's motion to exclude photographs of the accident site is denied without prejudice. It hereby further is

ORDERED, that defendant's motion to exclude the testimony of Hartford Buckel on the development of certain UMTA specifications is denied without prejudice. It hereby further is

ORDERED, that defendant's motion to exclude the testimony of James Fourcade and Michael Cowger on post-accident investigations or testing is denied.

SO ORDERED.