**UNITED STATES of America, Plaintiffs,**

v.

**Jeffery JOHNSON, et al., Defendants.**

**No. 99–CR–23 B.**

United States District Court,
D. Utah,
Central Division.

May 20, 1999.

Paul Warner, U.S. Attorney, Richard McKelvie, Asst. U.S. Attorney, Salt Lake City, UT, for plaintiff.

L. Clark Donaldson, Salt Lake City, UT, for defendant.

## MEMORANDUM & ORDER

BOYCE, United States Magistrate Judge.

Defendant, Jeffery Johnson, aka "Free" has made a motion in limine to exclude evidence of defendant Johnson's 1986 con- viction for attempted manslaughter. The government concedes the conviction is not admissible under Rule 404(b) F.R.E. De- fendant contends that it should not be admitted under Rule 609(a)(1) F.R.E. The motion in limine will be treated as final on the issue under *United States v. Mejia– Alarcon,* 995 F.2d 982 (10th Cir.1993).

The conviction is within the 10 year limitation of Rule 609(b) F.R.E. since de- fendant was not released from prison until late 1991. Admissibility is therefore a matter of balancing the probativeness of the conviction for credibility as against any prejudice that could arise in showing de- fendant to be a bad person.

The defendant intends to take the stand and testify at trial. The charges against defendant are Count 57, conspiracy to dis- tribute methamphetamine (21 USC § 846 58) and Count 61, use of a telephone in the commission of a drug offense (21 USC § 843(b)). Defendant is charged along with numerous other defendants in a large multi count indictment which includes sev- eral offenses of members of the Sundown- ers Motorcycle Club, Inc.

■ The principal evidence against de- fendant will be an intercepted conversa- tion (Title III, Omnibus Crime Safe Streets Act of 1968, 18 USC § 2510 et seq.) about a conspiracy to sell narcotics. No street narcotics terminology was used in the conversation and the defense will be that defendant was not selling drugs but conversing about a debt. Credibility of the defendant is key to the prosecution and the defense and the defendant's testi- mony will be very significant. There is no similarity between the defendant's prior crime of conviction, attempted manslaugh- ter, and the charged offenses. The prior conviction is not a crime of dishonesty or false statement nor involves *crimen falsi* and is not admissible under 609(a)(2) F.R.E. In addition, the conviction is about eight years old from the time of defen- dant's release from the Utah State Prison. The actual conviction was in 1986.

The indictment involves drug activities of the Sundowners Motorcycle Club and there could be some negative inference against defendant from that relationship and his association. Some cases have discussed similar issues.

██ In an appropriate case for admission, an instruction limiting the use of the prior conviction will be considered to further temper any possible prejudice *United States v. Mora*, 768 F.2d 1197 (10th Cir. 1985); *United States v. Haslip*, 160 F.3d 649, 653 (10th Cir.1998).

In *Government of Virgin Islands v. Carino*, 631 F.2d 226 (3d Cir.1980) the court upheld admission of a prior manslaughter conviction for impeachment on a charge against the defendant of assault to commit mayhem. A conviction for armed robbery was held admissible in an attempted bank robbery prosecution in *United States v. McCollum*, 732 F.2d 1419 (9th Cir.1984).

In *United States v. Davis*, 929 F.2d 554 (10th Cir.1991) defendant was prosecuted for heroin trafficking and a prior state conviction for possession of drugs with intent to sell was held to be proper when used to impeach.

In *United States v. Rosales*, 680 F.2d 1304 (10th Cir.1981) defendant was prosecuted for assault by a prison inmate and the court held convictions for forgery, burglary, conspiracy, illegal firearms, and narcotics violations could be used under Rule 609 F.R.E. The jurors would have known defendant was in prison when the offense was committed. See also *United States v. Owens*, 723 F.2d 64 (10th Cir.1983). In *United States v. Halbert*, 668 F.2d 489 (10th Cir.1982) a prior conviction for armed robbery was held admissible in a prosecution for armed robbery as it may effect credibility.

In a drug case, the court held a prior grand theft conviction was admissible. *United States v. Albers*, 93 F.3d 1469 (10th Cir.1996). In a drug prosecution, a prior drug conviction of defendant was held ad-

missible. *United States v. Ruiz–Castro*, 92 F.3d 1519 (10th Cir.1996). In an armed robbery prosecution, a witness's prior conviction for rape and burglary were held to be properly excluded and unavailable to impeach. *United States v. Begay*, 144 F.3d 1336 (10th Cir.1998). In *United States v. Jefferson* 925 F.2d 1242 (10th Cir.1991) the court upheld the use of prior robbery and burglary convictions of defendant for impeachment where defendant was charged with a controlled substance violation.

In *United States v. Seamster*, 568 F.2d 188 (10th Cir.1978) defendant was convicted of burglary and the court held the trial judge had not erred in allowing impeachment to defendant based on prior burglary convictions. 609(a)(1) F.R.E.

Some cases from federal circuits, including the Tenth Circuit, would support use of defendant's prior conviction under Rule 609.

However, of no small significance is this court's decision in *United States v. Grove*, 844 F.Supp. 1495 (D.Utah 1994). The defendant was charged with possession of crack cocaine with intent to distribute the cocaine. The defendant had a prior felony conviction for aggravated assault. The court noted the change in Rule 609 F.R.E. from the time when some of the above referenced cases were decided.[1] It noted that the Rule 403 F.R.E. standard applied to a witness, but that for an accused the government must show the probative value of the prior conviction outweighed the prejudicial effect from the conviction. The "substantial prejudice" standard of Rule 403, F.R.E. does not apply. In *Grove* the court concluded the prejudice outweighed the probative value of the prior conviction for impeachment purposes and precluded its use.

██ A balancing of interests by the trial court is now required. *Grove*, supra n. 1; *United States v. Smith*, 10 F.3d 724 (10th

1. Rule 609 F.R.E. was amended December 1, 1990 to provide a different standard for assessing prejudice between an accused in a criminal case and a witness.

Cir.1993). Applying a proper balancing standard in this case requires focus on several factors. First, credibility will be central to the issue of defendant's guilt. The prior conviction for attempted manslaughter does not involve an offense directly involved with veracity and is not an offense crimen falsi, but a crime of violence. The offense however does have a limited amount of probativeness as to honesty.[2]

Second, the fact that the prior conviction is for attempted manslaughter could be prejudicial when taken with evidence of the motorcycle club involvement which will show a pattern of criminal activity by other defendants as well. In that context, as in *Grove*, there is a serious likelihood the conviction would be used to conclude bad character and not assess credibility and to add to the possible derogatory characterization of the Sundowners Motorcycle members and Club.

Also, the conviction is almost eight years old, and even with a limiting instruction, it is likely to generate prejudice beyond the conviction's probativeness on defendant's credibility. Although the question is close, the issues of prejudice and fairness predominate and the conviction may not be used to impeach the defendant should he testify.

**IT IS SO ORDERED.**

---

**2.** The court is of the opinion that more important than the nature of defendant's conviction is the fact of his imprisonment and defendant's emersion in the pathological environment and manipulative lifestyle associated with prison life at the Utah State Prison. However, the Rules of Evidence do not focus on this circumstance except to start the ten year period for use of a conviction from the time of a defendant's release from confinement rather than the time of conviction. Rule 609(b) F.R.E.