**Arthur SENA, # 24848,
Petitioner-Appellant,**

v.

**Levi ROMERO, Warden, and the Attorney General of the State of New Mexico, Respondents-Appellees.**

**No. 79–1124.**

United States Court of Appeals,
Tenth Circuit.

Submitted Jan. 25, 1980.

Decided March 19, 1980.

William W. Deaton, Federal Public Defender, Albuquerque, N. M., for petitioner-appellant.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). This cause is therefore ordered submitted without oral argument.

Arthur Sena pleaded guilty in 1975 to charges of burglary brought in a New Mexico state court. After exhausting state court remedies, he petitioned the federal district court for relief pursuant to 28 U.S.C. § 2254, seeking to set aside that guilty plea as having been uninformed, involuntary, lacking in factual basis, and coerced. An evidentiary hearing was held before a magistrate; the district court adopted the magistrate's findings and conclusions, and denied relief.

For disposition of this appeal, we need treat only Sena's contention that his plea was not voluntarily and intelligently entered because his attorney advised him he would have to pay the cost of transporting witnesses to trial to testify in his behalf.

The transcript of the taking of his guilty plea in state court and the sentencing proceeding shows noncompliance with the requirements of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), or with the New Mexico procedural rule then in effect. N.M.Stat.Ann. § 41–23–21 (1974). This transcript shows only cursory inquiry by the judge concerning Sena's desire to plead guilty pursuant to a plea bargaining agreement entered into with the district attorney's office, and whether the plea and disposition agreement had been explained and were understood. Although a trial judge need not specifically enumerate the trial rights a defendant waives by pleading guilty, *Stinson v. Turner,* 473 F.2d 913 (10th Cir. 1973), the judge must be satisfied that the plea is being given voluntarily and with knowledge of its consequences. *Moore v. Anderson,* 474 F.2d 1118, 1119 (10th Cir. 1973). It is "error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." *Boykin v. Alabama,* 395 U.S. at 242, 89 S.Ct. at 1711.

But even if the record is silent, reversal is not required if the voluntariness and intelligence of the plea is proved at a postconviction evidentiary hearing. *United States v. Pricepaul,* 540 F.2d 417, 422–24 (9th Cir. 1976). In the face of the deficiency in the transcript the district court here properly held an evidentiary hearing to determine whether these requirements were met. *See Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

At the hearing Sena testified that he did not fully understand his rights, particularly the right to compulsory attendance of witnesses. In this connection, he asserted that his attorney had advised he would have to

pay the costs of transporting witnesses to the trial to testify in his behalf. His attorney also testified, and denied that he had so informed Sena. The plea agreement signed by Sena states that he understood he was giving up his right to "compel the attendance of witnesses." Thus, the record shows a sharp conflict in the testimony to be resolved by the judge, who denied relief.

The problem is that the magistrate, whose findings were accepted by the district judge, declares as follows:

Petitioner fails in his burden of proof. The preponderance of the evidence at the evidentiary hearing established that petitioner's plea was made and accepted in accord with constitutional requirements.

As we read this finding, the trial court placed the burden of proof upon Sena to establish that his plea was involuntary. In this the court was in error. *Boykin* requires "an affirmative showing" of voluntariness. *See also Stinson v. Turner*, 473 F.2d at 915–16. A silent record, as here, shifts the burden to the government to prove that the waiver was knowingly, voluntarily, and intelligently made. *United States v. Pricepaul*, 540 F.2d 417, 423–424 (9th Cir. 1976). Reversal is therefore required.

Sena's contention that the absence of a record showing of a factual basis for his plea is an independent ground for invalidating the plea, is without merit. *Freeman v. Page*, 443 F.2d 493, 497 (10th Cir.), *cert. denied*, 404 U.S. 1001, 92 S.Ct. 569, 30 L.Ed.2d 554 (1971). But the absence of such a showing may be relevant to the determining whether a plea is intelligently made. *See North Carolina v. Alford*, 400 U.S. 25, 38 n. 10, 91 S.Ct. 160, 167 n. 10, 27 L.Ed.2d 162 (1970).

The denial of the writ is reversed and the cause is remanded for further proceedings in conformity herewith.