**Melvin ALLISON, Petitioner,**

v.

**Raymond ROBERTS, et al., Respondents.**

**No. 89–3393–S.**

United States District Court, D. Kansas.

March 25, 1992.

Melvin Allison, pro se.

John K. Bork, Office of Atty. Gen., Topeka, Kan., for respondents.

**MEMORANDUM AND ORDER**

SAFFELS, Senior District Judge.

This matter comes before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate at Lansing Correctional Facility, Lansing, Kansas, pled guilty on January 26, 1984, to one count of kidnapping and one count of aggravated robbery. Under a plea agreement, petitioner was sentenced to two consecutive terms of thirteen (13) years to life. Petitioner filed a direct appeal in the Kansas Supreme Court and claimed that his sentence was harsher than his co-defendants who had also pled guilty. The court affirmed the sentence.

Petitioner then filed a motion pursuant to K.S.A. 60–1507 claiming ineffective assistance of counsel, that his plea was not knowingly made and that there was no factual basis for the plea.

In this action, petitioner challenges his conviction and claims: (1) that he received ineffective assistance of counsel; (2) that his guilty plea was not voluntarily, knowingly and intelligently given; and (3) that the trial court did not have a factual basis for the acceptance of his plea.

Having reviewed the record in this matter, the court makes the following findings and order.

*Discussion*

To establish his claims of ineffective assistance of counsel, petitioner must meet the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two part *Strickland* test requires (1) a showing that counsel committed errors so serious that the defendant did not receive the counsel guaranteed by the Sixth Amendment, and (2) a showing that counsel's performance was so deficient that the defendant did not receive a fair trial. Under *Strickland,* the defendant bears the burden to establish both incompetence and prejudice, and there is a presumption that the attorney's conduct comes within the "wide range of rea-

sonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065.

The United States Supreme Court has said this test applies to challenges of guilty pleas which petitioners may claim were entered because of ineffective assistance of counsel. *Hill v. Lockhart,* 474 U.S. 52, 57–58, 106 S.Ct. 366, 369–370, 88 L.Ed.2d 203 (1985). The United States Court of Appeals for the Tenth Circuit has determined that for one who makes such a challenge to obtain relief, it must be shown that counsel's performance fell below an objective standard of reasonableness and that but for counsel's error, petitioner would have insisted on going to trial. *U.S. v. Estrada,* 849 F.2d 1304, 1307 (10th Cir.1988).

■ Here petitioner complains that his counsel did not investigate any of petitioner's claims and improperly advised him to accept the plea agreement. In essence, petitioner claims he received no legal advice from his attorney. The record, however, shows that during the hearing on the acceptance of his plea, petitioner affirmatively stated that he had sufficient time to discuss matters with his attorney, that his attorney had represented him well, and that he had no complaints about his attorney. The court finds the record is devoid of any evidence that counsel's performance fell below a standard of reasonableness and that but for counsel's performance, petitioner would have insisted on going to trial. Thus, petitioner has failed to meet the test announced in *Estrada.*

■ Petitioner's second complaint is that his guilty plea was not voluntarily, knowingly, and intelligently made. A trial judge may not accept a guilty plea without an affirmative showing that the petitioner's plea was intelligent and voluntary. *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). *Boykin* requires an affirmative showing of voluntariness. *Sena v. Romero,* 617 F.2d 579, 581 (10th Cir.1980).

In *U.S. v. Davis,* 929 F.2d 554 (10th Cir.1991), the court discussed the requirements necessary for an affirmative showing. There the court determined that the record need not show an enumeration of specific rights waived and elements charged, but only that the plea was voluntary and intelligent. *Id.* at 557. Further, in that case, the court found that the journal entry on its face explicitly stated that the plea was voluntary and intelligent. *Id.*

In the case before this court, although the journal entry is less explicit than *Davis,* that entry coupled with the transcript of the hearing on the plea, meets the test. The trial court read the charges against petitioner, explained the penalties, informed the petitioner that he had the right to remain silent or plead not guilty to the charges, and informed him that if he did so, he was entitled to a trial by a jury where the state would be required to prove him guilty beyond a reasonable doubt. The court also informed petitioner that the court was not bound by the plea agreement, inquired concerning the petitioner's satisfaction with his legal representation, and questioned petitioner about his educational background, his ability to read and write, and his capacity to take care of himself. Petitioner acknowledged that he, in fact, had committed the crimes and that he was pleading guilty without any threats, intimidation, coercion, duress or promises.

When read as a whole, the record clearly shows the trial court did not err in accepting petitioner's plea.

Petitioner's third claim is that the trial court did not have a factual basis for the acceptance of his plea. In *Sena,* the 10th Circuit Court of Appeals held that the absence of a record showing a factual basis for a plea is not an independent ground for invalidating the plea, unless that showing is relevant to determining whether a plea is intelligently made. *Sena* at 581. Here this court has already affirmed the state trial court's finding that petitioner's plea was intelligently and voluntarily made. Petitioner's claim is, therefore, without merit.

IT IS THEREFORE BY THE COURT ORDERED the petition for writ of habeas corpus is denied.