**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WESLEY WAYNE WILLIAMS,

Petitioner-Appellant,

v.

STEVE HARGETT, Warden,

Respondent-Appellee.

No. 00-6329
(D.C. No. 99-CV-1534-M)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **BRORBY** , and **BRISCOE** , Circuit Judges.

After examining the petitioner's brief and the district court's file, this panel

has determined unanimously that oral argument would not materially assist the

determination of this appeal.    See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

Petitioner seeks a certificate of appealability (COA) in order to appeal the

denial of his petition for writ of habeas corpus brought pursuant to 28 U.S.C.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 2254. He also requests leave to proceed without prepayment of costs or fees. Because he has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny the application for a COA and dismiss the appeal.

## Procedural History

Petitioner was originally convicted by a jury of two counts of murder, receiving sentences of death for one and life imprisonment without parole for the other. On direct appeal, the Oklahoma Court of Criminal Appeals reversed both convictions and remanded the matter for a new trial. Williams v. State, 915 P.2d 371, 376-77, 381 (Okla. Crim. App. 1996).

Following further proceedings, including a competency hearing, petitioner was found to be competent. Petitioner then pleaded guilty to two counts of first degree murder; in exchange for the agreement, he was sentenced to concurrent terms of life imprisonment without parole. The prosecution further agreed not to file new charges against him relating to a third homicide. As part of the plea proceeding, petitioner admitted killing the two victims and stated that his intent, at the time he shot them, was to kill them.

Shortly after the plea/sentencing proceeding, petitioner sent the trial judge a letter seeking to withdraw his pleas for the reasons that he was not guilty and had so pleaded only because he did not think he could obtain a fair trial before

-2-

that judge and because he was not taking proper medication. Following a hearing, the trial court denied the application to withdraw the pleas.

On direct appeal from the guilty pleas, petitioner contended in his brief that the pleas were invalid on the grounds that (1) he believed he could not obtain a fair trial because the trial judge's bailiff was best friends with the mother of one of the victims and because of the trial judge's expressed anger over the initial reversal of the case; (2) he was not guilty of the charges and was not on proper medication when the pleas were entered; and (3) he received ineffective assistance of trial counsel because he was advised he could automatically withdraw his guilty plea within ten days and had entered his guilty plea based on this belief.

The Oklahoma Court of Criminal Appeals denied relief, finding the record and petitioner's testimony at the plea hearing failed to support the claim that the pleas were involuntary or that the trial judge was in any way biased. The court declined to consider his claim of ineffectiveness of trial counsel because petitioner had not raised that issue in either his motion to withdraw the pleas or in the Petition for Certiorari. R. Doc. 20, ex. B at 3-4.

Petitioner then filed a voluminous post-conviction proceeding in state court, raising issues which the trial court categorized as (1) ineffectiveness of trial counsel; (2) involuntariness of the guilty plea because petitioner was given

the wrong medication; (3) legitimate defenses and actual innocence; and (4) improper influence of the case by the trial judge. The trial court found that the first claim could have been raised on direct appeal and was therefore procedurally barred. The court further found that the second and fourth claims had in fact been raised on direct appeal and were barred by res judicata. The court construed the third claim as an evidentiary issue which could not be raised in a post-conviction proceeding because the guilty plea constituted an admission of facts in the information. See Post-conviction Appeal, R. Vol. II at 298-302.

The Oklahoma Court of Criminal Appeals affirmed, noting that petitioner's principal assignment of error was the trial court's failure to conduct an evidentiary hearing. R. Doc. 20, ex. D at 2-3. The court further considered the ineffectiveness claim (assuming for argument's sake that under Okla. Stat. tit. 22, § 1086 there could exist sufficient reason for not raising the issue on direct appeal), determining that petitioner was well aware of this claim before the filing of the direct appeal, as evidenced on the record by petitioner's motion to disqualify his trial counsel filed September 10, 1997. R. Doc. 20, ex. D at 3-4. That motion, see Post-conviction Appeal, R. Vol. I at 189, was filed shortly after the hearing on the application to withdraw petitioner's guilty pleas and nearly two months prior to the filing of the direct appeal. The Court of Criminal Appeals further suggested that petitioner had in fact urged in the direct appeal the claim

-4-

that the pleas were the result of ineffective assistance of counsel, thus making the claims either waived or res judicata. See R. Doc. 20, ex. D at 4. [1]

Petitioner then filed his petition for writ of habeas corpus in the district court, again raising numerous issues, some of which had not been presented to the state courts. In an exhaustive Supplemental Report and Recommendation, the magistrate judge recommended denying the petition. See R. Doc. 27. The district court adopted the report and denied the petition. R. Doc. 36. We have not here detailed all of the claims presented to the district court because we are concerned with only those issues preserved for appellate review in petitioner's brief.

On appeal to this court, petitioner raises the following issues:

1.    He was incompetent to enter his guilty plea because the mental competency test he was given was inadequate and because the medication he was taking was the wrong kind. Appellant's Br., First Issue.

2.    The plea was unknowing and involuntary because (a) the trial judge failed to inform him of certain constitutional rights petitioner would be waiving, (b) he was coerced into pleading

---

[1]    We do note, however, that the court on direct appeal had declined to consider the ineffectiveness claims because they had not been raised in either the motion to withdraw the guilty pleas or in the certiorari petition, see R. Doc. 20, ex. B at 3-4, but rather in the opening brief and in petitioner's pro se brief.

guilty out of fear of the death penalty if he were tried, (c) the plea was void for lack of factual bases, and (d) it was error to accept the guilty plea because he denied culpability. Id. at Second Issue.

3.     He was denied the effective assistance of counsel because he was misled into believing he could enter a temporary plea of guilty and later withdraw it and his attorney was not involved in the hearing to withdraw the plea.    Id. at Third Issue.

4.     The guilty plea is void because the trial judge "participated in the plea negotiation" and was prejudiced against defendant. Id. at Fourth Issue.

To establish entitlement to a COA where the district court has rejected petitioner's claims on the merits, he must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). For claims the district court determined to be procedurally barred, petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. However, a writ of habeas corpus shall not be granted with respect to claims adjudicated on

the merits in state court unless that decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States [or] resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2); Smith v. Massey , 235 F.3d 1259, 1265 (10th Cir. 2000).

**Competence to Enter Guilty Plea**

Petitioner first contends he was not competent to enter a guilty plea. On his attorney's application, the trial court ordered petitioner to be examined for the purpose of determining his competency. Certiorari Appeal, R. Vol. I at 131. Based on a written report of Dr. Edith King, stipulated to by the parties, and following a hearing at which defendant and his attorney were present, the trial court determined that petitioner was competent to stand trial. Id. Vol. II at 321-22. Petitioner entered his plea just over a month later. Moreover, there is nothing in the record of the plea proceeding that would have caused the trial court to doubt his competence. See Drope v. Missouri , 420 U.S. 162, 178-82 (1975) (discussing factors triggering need for further inquiry into defendant's competence). At the guilty plea hearing, the trial court carefully questioned petitioner about his medications, specifically eliciting what petitioner took and when, including the statement that petitioner did not think his thinking or

reasoning was affected. Contrary to petitioner's argument, there is nothing in the transcript to indicate this prescription reduced his understanding of the significance of his situation "to the point that he could not appreciate the full result of his actions." Appellant's Br. at First Issue.

Petitioner's complaint that he was not on "proper" medication appears to stem from a court order, entered two days before the plea hearing, that petitioner be placed on a different medication than the one he had been taking. Nonetheless, based on his response to the trial court regarding his medications, it appears petitioner may not have commenced taking the new one prior to the hearing. However, as noted, the transcript of that hearing reflects petitioner's overall understanding of the consequences of the guilty pleas. Accordingly, petitioner has failed to "demonstrate that reasonable jurists would find the district court's assessment of [this claim] debatable or wrong." Slack, 529 U.S. at 484.

## Unknowing and Involuntary Plea

Next, petitioner contends that the trial court failed to inform him of the constitutional rights he was waving, that his plea was motivated based on his fear of the death penalty, that the plea lacked an adequate factual basis, and that it was error to accept his plea because he did not admit his guilt. Appellant's Br. Second Issue.

-8-

As the district court correctly noted, both the plea proceeding and the written Summary of Facts (enumerating each right petitioner was waiving and indicating petitioner's understanding thereof) clearly show that he was properly advised of and understood his trial rights. This is not a situation where the waiver of important federal rights is presumed based on a silent record. See Boykin v. Alabama, 395 U.S. 238, 243 (1969). Moreover, the record needs to show only that petitioner's plea was voluntary and intelligent. "An enumeration of the specific rights waived and elements charged . . . is not required." United States v. Davis, 929 F.2d 554, 557 (10th Cir. 1991).

He also claims he entered the pleas because he feared the possibility of the death penalty if retried or that he might be prosecuted for a third homicide. This argument is without merit. A guilty plea "is not invalid merely because entered to avoid the possibility of a death penalty." Brady v. United States, 397 U.S. 742, 755 (1970) (footnote omitted).

Petitioner's claim that there was no factual basis for his guilty pleas is not supported by the record. The trial court recited the events, including the date of the killings, the victims, petitioner's shooting of the victims, and the element of malice aforethought. Plea and Sentencing Tr. at 11-12. In addition, the written plea agreement, signed by petitioner under oath, specified as follows:

On Oct. 2, 1993 in Okla. County, OK, I shot Ron Harris and Tim McCain in my home and killed them, and at the time I shot them I intended to kill them.

Certiorari Appeal, R. Vol II at 326. This was sufficient to establish a factual basis for the plea, and the Oklahoma Court of Criminal Appeals expressly so found. Post-Conviction Appeal, R. Vol. II at 295-96. Finally, notwithstanding his present assertion that he denied culpability for the crimes, the plea transcript reflects that petitioner admitted that when he shot the two victims, he intended to kill them. Plea and Sentencing Tr. at 11-12. Accordingly, the magistrate judge correctly determined that the pleas were entered voluntarily.

### Ineffective Assistance of Counsel

Under this claim, petitioner contends he was misled by his trial attorney, who allegedly told him that he could automatically withdraw his guilty pleas, thus making the pleas involuntary. He further claims he was denied his Sixth Amendment right to counsel "when he was without counsel during the hearing to withdraw the involuntary plea." Appellant's Br. Third Issue. [2]

The ineffectiveness issue based on advice that the plea could be withdrawn was not reviewed by the Oklahoma Court of Criminal Appeals on direct appeal

---

[2]  Petitioner subsequently concedes in his brief, however, trial counsel was present at the motion to withdraw the plea. This claim is thus both contrary to the record and without merit.

-10-

because of petitioner's failure to raise the issue in either the motion to withdraw the pleas or in the petition for writ of certiorari. Rule 4.3(c)(5) of the Oklahoma Court of Criminal Appeals rules applicable to appeal by certiorari from a guilty plea require the certiorari petition to contain "errors of law urged as having been committed during the proceedings in the trial court *which were raised in the application to withdraw [the] plea*." (Emphasis added.) Although acknowledging that the state court's decision based on state procedural grounds was both independent of federal law and adequate, the magistrate judge nonetheless considered the merits of this claim. See R. doc. 27 at 23-25.

The record includes petitioner's "verified statement in his written Summary of Facts that he had gone over the form with his attorney, understood its contents, agreed with the answers, and those answers were true and correct." Id. at 23-24. Petitioner also stated at the plea proceeding that he and his attorney had completed and fully discussed the form and that petitioner agreed with the answers he had given to the questions. Plea and Sentencing Tr. at 14-15. At the hearing on the motion to withdraw the plea petitioner stated that he remembered going over the issues in the Summary of Facts and in particular his denial that anyone had forced, abused, mistreated or pressured him. Application to Withdraw Plea Tr. at 5. There is simply nothing in the record to support petitioner's claim that he was advised he could automatically withdraw his guilty plea.

-11-

Accordingly, he has failed to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484.

### Judicial Participation

Finally, petitioner alleges that the guilty pleas are void because of "judicial participation" by the trial judge in the plea agreement. Appellant's Br. at Fourth Issue. He contends that there was an in-chambers, off-the-record conference between his attorney, the prosecutor, and the trial judge, which petitioner concludes was participation by the judge in the plea negotiation.

The magistrate judge considered this issue, even though it was not exhausted in State court, and found there was no factual support whatever for this assertion. The trial judge explained that the conversation he had held with counsel off-the-record concerned the pre-sentence investigation report, which both sides had agreed was not necessary in the case. See Plea and Sentencing Tr. at 12-14. Petitioner's speculation about improper discussions is wholly fanciful and lacking any factual or legal basis.

For these and the reasons stated in the magistrate judge's Supplemental Report and Recommendation, as adopted by the district court, we hold that petitioner has failed to make a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2).

-12-

Accordingly, we DENY petitioner's application for a certificate of appealability and DISMISS the appeal. The motion for leave to proceed without prepayment of costs or fees is GRANTED. The mandate shall issue forthwith.

                                        Entered for the Court


                                        Mary Beck Briscoe
                                        Circuit Judge