**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAYMOND POTTS,

       Petitioner - Appellant,

v.

RON WARD; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

       Respondents - Appellees.

No. 05-6075
(D.C. No. 04-CV-685-R)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

       Defendant-Appellant Raymond Potts, a state inmate appearing pro se, seeks a certificate of appealability ("COA") so as to appeal from the district court's denial of his habeas corpus petition. 28 U.S.C. § 2254. In order to merit a COA, Mr. Potts must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To make such a showing, he must demonstrate that reasonable jurists would find the district court's resolution of the constitutional issue contained in his motion debatable or wrong. Id.; Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because

we find that Mr. Potts has not made such a showing, we deny a COA and dismiss the appeal.

On June 20, 2002, Mr. Potts pled guilty to one count of first degree burglary and no contest to one count of assault and battery with a dangerous weapon. After a sentencing hearing on October 23, 2002, the court sentenced Mr. Potts to twenty years imprisonment on each count to be served consecutively. The plea arose from an incident where Mr. Potts broke into the home of a former employer with the intent to steal $100. Mr. Potts broke a window in a door separating the kitchen from the den, and in the process confronted a twelve-year old child. Though Mr. Potts denies any intent to harm or frighten the child, the child testified at a sentencing hearing that a few seconds prior to hitting the glass with his arm, Mr. Potts stared at him, yelled out and frightened him. R. Doc. 12, Ex. 4 at 7-8. The flying glass cut the child, who bled profusely. Id. at 9.

On November 4, 2002, Mr. Potts, through counsel, sought to withdraw his guilty plea. He testified that after his arrest, he accepted a plea agreement stipulating he would be sentenced to two twenty-year terms of imprisonment to be served concurrently. Mr. Potts testified that after he accepted the agreement but before the hearing, he traveled to California and was unable to appear as scheduled in Oklahoma due to the events of September 11, 2001. Mr. Potts testified he voluntarily surrendered to California authorities but upon his return to

Oklahoma, the state withdrew its plea offer. In his application to withdraw his plea, Mr. Potts argued he should have been sentenced in accord with the original agreement. The trial court denied the motion to withdraw the guilty plea on November 22, 2002.

Mr. Potts, represented by new counsel, appealed to the Oklahoma Court of Criminal Appeals (OCCA) and argued (1) his convictions violate the prohibitions against double jeopardy and double punishment, (2) that the trial court erred in denying his application to withdraw his guilty pleas, (3) that the trial court committed reversible error in failing to inform him of the elements of each offense charged when it accepted the guilty pleas, and (4) there was an inadequate factual basis for his guilty pleas. A majority of the OCCA denied certiorari under Rule 4.2(B), Rules of the OCCA, 22 Okla. Stat. Ch. 18, because Mr. Potts presented issues not raised in his application to withdraw his guilty plea.

In his federal habeas petition, Mr. Potts asserted (1) that his convictions violate prohibitions on double jeopardy and double punishment and (2) the trial court committed reversible error in accepting the pleas without informing Mr. Potts of the elements of the offense charged. In its response, the state argued that Mr. Potts is procedurally barred from raising his claims based on Rule 4.2(B).

On April 18, 2005, the district court adopted the report and recommendation of the magistrate judge. The district court determined that Rule

4.2(B) was inadequate to bar review of Mr. Potts' claims, and denied relief on the merits. On appeal, Mr. Potts contends that his convictions violate the prohibition against double jeopardy and double punishment, and that the state trial court erred by accepting his no contest plea, not establishing a factual basis for the charge, and refusing to grant his motion to withdraw the plea.

We do not think that the following conclusions of the magistrate judge and the district court are reasonably debatable: (1) Mr. Potts' plea was voluntary and intelligent, and (2) as a result, his double jeopardy challenge (which is meritless given the different elements of the offenses and the facts of this case) is foreclosed. United States v. Broce, 488 U.S. 563, 569-71 (1989). There is no requirement as a matter of federal constitutional law that the state trial court review the elements of each offense before accepting a voluntary and intelligent guilty plea. United States v. Davis, 929 F.2d 554, 557 (10th Cir. 1991).

We also agree with the district court that there was a sufficient factual basis to support the pleas. See R. Doc. 18, Ex. C at ¶ 24 ("I admit I broke a window"); R. Doc. 18 Ex. D (warrant affidavit describing Mr. Potts' interaction with the injured child as a "confrontation" and incorporated by reference into Mr. Potts' signed plea summary of facts at R. Doc. 18, Ex. C at ¶ 31). That Mr. Potts contends now, as he did at his sentencing hearing, that he did not intend to commit assault and battery (but merely intended to break a window) is beside the

point. The state had evidence that Mr. Potts confronted the victim with a yell and then broke the window, frightening the victim, as well as injuring him.

Accordingly we DENY the application for COA, DENY the motion to proceed in forma pauperis and DISMISS the appeal.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge