**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DARRELL W. COLLINS, also known as Fat Boy,

Defendant-Appellant.

No. 06-6191

(W.D. Oklahoma)

(D.C. No. CR-99-216-2-M)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **MURPHY**, Circuit Judges.

## I.    INTRODUCTION

Defendant Darrell W. Collins was convicted after a jury trial of numerous drug-related crimes and sentenced to 360 months' imprisonment. His convictions were affirmed on direct appeal, but his sentence was reversed. *United States v. Tyler*, 42 F. App'x 186, 200 (10th Cir. 2002). On remand, the district court concluded Collins was properly sentenced as a career offender and again imposed

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a 360-month sentence. U.S.S.G. § 4B1.1. Collins was resentenced a third time after he successfully argued in a 28 U.S.C. § 2255 motion that his counsel on remand was ineffective for failing to file a direct appeal. The district court once again used the career offender guideline to calculate Collins's advisory guidelines range but granted him a variance and imposed a sentence of 300 months. Collins then filed this appeal, asserting the district court improperly applied the career offender sentencing guideline and gave an erroneous jury instruction that impacted his sentence. He also asserts a claim of ineffective assistance of counsel. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we **affirm** Collins's sentence.

## II. BACKGROUND

Collins was charged in a multi-count indictment with crimes related to his participation in a cocaine distribution conspiracy. *Tyler*, 42 F. App'x at 189. Collins was convicted by a jury of all nine charges lodged against him and sentenced on October 4, 2000. The district court concluded Collins's prior conviction for second-degree burglary was a crime of violence and, thus, a predicate offense that qualified Collins to be sentenced as a career offender pursuant to § 4B1.1 of the Sentencing Guidelines. *Id*. at 199. Collins appealed his convictions, arguing the district court erroneously denied his motion seeking to suppress tape recorded telephone conversations and improperly permitted a witness to testify about his previous drug activities. *Id*. at 194-95, 196-97. He

-2-

also challenged his 360-month sentence. *Id*. at 198-99. This court affirmed Collins's convictions but reversed his sentence, holding the Government failed to carry its burden of proving Collins's prior burglary conviction was a crime of violence for purposes of the career offender guideline. *Id*. at 200.

Collins was resentenced on September 6, 2002. In accord with our prior ruling, the Government introduced an affidavit signed by Collins in connection with his prior state conviction for second-degree burglary indicating that offense was directed at a dwelling. Collins stipulated that the affidavit was sufficient to prove the burglary conviction involved a dwelling. Based on Collins's stipulation and the Government's affidavit, the district court again applied the § 4B1.1 career offender provision and again sentenced Collins to 360 months' imprisonment.

Collins did not file a timely direct appeal. He did, however, file a *pro se* motion pursuant to 28 U.S.C. § 2255, raising numerous ineffective assistance of counsel claims. The district court granted the motion based on Collins's claim that his counsel failed to file a direct appeal after the resentencing. *See United States v. Davis*, 929 F.2d 554, 557 (10th Cir. 1991) ("A defendant is denied effective assistance of counsel if he asks his lawyer to perfect an appeal and the lawyer fails to do so by failing to file a brief, a statement of appeal, or otherwise." (quotation and alteration omitted)).

Collins was sentenced for the third time on May 16, 2006, more than a year after the Supreme Court's decision in *United States v Booker*, 543 U.S. 220

(2005). At the sentencing hearing, his counsel challenged the calculation of Collins's now-advisory guidelines range by arguing Collins's prior second-degree burglary conviction could be not used as a basis for applying the career offender guideline because Collins was not eighteen years old when he committed the offense. *See* U.S.S.G. § 4B1.2 cmt. n.1 (defining a prior adult felony conviction as "an offense committed at age eighteen or older" or an offense "classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted"). Collins's counsel, however, admitted to the district court that Collins had been certified as an adult. The court noted the applicability of U.S.S.G. § 4B1.2 cmt. n.1 which indicates offenses committed prior to a defendant's eighteenth birthday are classified as adult convictions if the defendant was proceeded against as an adult. The court applied the career offender guideline, but took Collins's age into consideration when it evaluated the 18 U.S.C. § 3553(a) sentencing factors. After incorporating its prior findings and rulings, the court sentenced Collins to 300 months' imprisonment. Collins then filed this direct appeal.

## III.   DISCUSSION

Collins makes two Sixth Amendment arguments with respect to the drug types and quantities used to calculate his advisory guidelines range. He argues the district court erroneously instructed the jury that all references to controlled substances in the jury instructions meant crack cocaine. Accordingly, he asserts

the jury did not properly find drug quantities beyond a reasonable doubt. He also appears to argue that the district court was precluded by the Sixth Amendment from making findings of drug quantity when it determined his advisory guidelines range.

Collins's drug-quantity arguments are clearly precluded by both the remedial holding in *Booker* and our subsequent precedent. "Because the post-*Booker* Guidelines are discretionary, a district court may continue to find facts, including drug quantity, by a preponderance of the evidence." *United States v. Hall*, 473 F.3d 1295, 1312 (10th Cir. 2007). Thus, the alleged error in the jury instructions had no effect on Collins's sentence. Further, the district court applied the Guidelines in a discretionary fashion when it resentenced Collins. Under those circumstances, the Sixth Amendment was not implicated by the court's findings related to drug quantity. *See United States v. Rodriguez-Felix*, 450 F.3d 1117, 1130 (10th Cir. 2006) ("After *Booker*, a constitutional violation lies only where a district court uses judge-found facts to enhance a defendant's sentence *mandatorily* under the [Guidelines], and not where a court merely applies such facts in a discretionary manner."); *see also United States v. Magallanez*, 408 F.3d 672, 685 (10th Cir. 2005) (holding a district court may continue to find facts, including drug quantities that differ from jury findings, by a preponderance of the evidence).

Collins also makes two arguments related to the district court's application of the career offender guideline. He first argues the guideline does not apply because he was seventeen years old when the second-degree burglary crime was committed and the Government failed to prove that he was certified as an adult. *See* U.S.S.G. § 4B1.2 cmt. n.1. The fatal flaw with this argument is that Collins's counsel admitted to the district court during the resentencing hearing that he was certified as an adult in the prior proceeding. Collins seeks to overcome this obstacle by arguing he was deprived of his constitutional right to effective assistance of counsel because his attorney failed to investigate whether he had been certified as an adult. Relying on a document not presented to the district court and not properly part of the appellate record, Collins asserts he was never certified as an adult and his counsel's admission to the contrary was "false." The Government argues that Collins cannot show he was prejudiced by counsel's alleged deficient performance because he was, in fact, certified as an adult in the prior proceeding. *See Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984) (holding a defendant cannot prevail on a claim of ineffective assistance of counsel unless he can demonstrate counsel's representation fell below an objective standard of reasonableness *and* he was prejudiced by counsel's performance.). Like Collins, the Government bases its argument on a document appended to its brief that is not part of the appellate record.

Because the record is not sufficiently developed, Collins's ineffective assistance claim cannot be resolved in this direct appeal. *United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006). His claim should first be presented to the district court in a collateral proceeding. *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995).

## IV. CONCLUSION

For the reasons stated above, Collins's ineffective assistance claim is **dismissed**. His sentence is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge