**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

DARRELL W. COLLINS,

     Defendant-Appellant.

No. 10-6040

(W.D. of Okla.)

(D.C. Nos. 5:08-CV-00524-M and
5:99-CR-00216-M-2)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

---

Darrell Wayne Collins, a federal prisoner proceeding pro se,[1] seeks a certificate of appealability (COA) to appeal the district court's denial of his motion to vacate his sentence under 28 U.S.C. § 2255. Having jurisdiction pursuant to 28 U.S.C. § 1291, we DENY a COA and DISMISS the appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Collins is proceeding pro se, we construe his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

## I. Background

Collins was convicted in 2000 on eight counts relating to possession with intent to distribute cocaine powder or crack cocaine. When all the currently-running sentences are taken together, the district court sentenced Collins to a total of 30 years' imprisonment, 10 years' supervised release, forfeiture of $115,200 and his interest in a 1993 GMC pickup, and a special assessment of $900. On appeal, we affirmed his conviction but vacated his sentence, finding the government had not carried its burden of proving he qualified as a career offender for the purpose of sentencing. *United States v. Tyler*, 42 F. App'x 186 (10th Cir. 2002).

At resentencing, the district court again confirmed Collins was a career offender and sentenced him to the same term it originally imposed. Collins did not appeal. Instead, he filed a petition pursuant to 28 U.S.C. § 2255 to vacate his sentence based upon nine alleged instances of ineffective assistance of counsel. In 2006, the district court granted in part and denied in part the motion, finding his counsel's failure to file an appeal following the resentencing constituted ineffective assistance. The court then vacated the 2002 sentence and imposed a new sentence, again determining Collins was a career offender. Because the second resentencing occurred post-*Booker*,[2] the court considered the factors

---

[2] *United States v. Booker*, 543 U.S. 220 (2005).

enumerated in 18 U.S.C. § 3553 and granted him a variance, reducing the length of his imprisonment to 25 years for his concurrently-running sentences.

Collins appealed his sentence, but we affirmed. *United States v. Collins*, 273 F. App'x 761 (10th Cir. 2008). Collins then filed a second petition under 28 U.S.C. § 2255 to vacate his sentence, which the district court denied.

## II. Discussion

In order to obtain a COA, Collins must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Id.* at 338.

Collins contends he received ineffective assistance because his counsel failed to argue a prior state burglary conviction did not qualify as an "adult conviction" for purposes of the career offender enhancement. He claims the failure violates the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984) (requiring a showing of deficient performance by counsel and resulting prejudice for claims of ineffective assistance of counsel).

Under the United States Sentencing Guidelines (USSG) § 4B1.1, a defendant may qualify as a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Additionally, Application Note 1 to USSG § 4B1.2 provides in pertinent part: "A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted."

Collins argues his 1987 conviction for burglary in the second degree is not an adult conviction because he was seventeen years old at the time of the burglary and because he was not certified as an adult. In support of his § 2255 petition, Collins attaches a letter from the Oklahoma County Court Clerk dated October 12, 2006, which states there is no adult certification order filed in his court file (CF-97-7042). He also attaches a private investigator's affidavit stating a search of the court file for an adult certification order yielded no results.

In response, the government (1) argues CF-87-7042 is an adult criminal case number, rather than a juvenile criminal case number; (2) provides the docket file of CF-87-7042, which indicates that an "Order Certifying Juvenile to Stand

Trial" (as an adult) was filed on December 11, 1987;[3] and (3) provides an order by the Oklahoma County District Court, dated December 1, 1987, which certifies Collins to stand trial as an adult for burglary in the second degree.[4]

Because Collins was certified to stand trial as an adult, his 1987 burglary conviction qualifies as an adult conviction under Oklahoma state law, and, therefore, is an adult conviction for purposes of the career offender enhancement. We thus agree with the district court that Collins's counsel did not provide ineffective assistance by failing to present a factually incorrect argument.

### III.  Conclusion

We DENY Collins's application to proceed *in forma pauperis*, DENY Collins's request for a COA, and DISMISS this matter.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[3] The burglary conviction was filed under the name "Darryl Byone," which the docket file indicates is an alias for Darryl Collins.

[4] The fact that the order was filed under the juvenile criminal case number JF-87-1437 may explain the Oklahoma County Court Clerk's initial difficulty in locating it.